SUPERIOR COURT
OF THE
STATE OF DELAWARE

**MARK H. CONNER**
**JUDGE**

**1 The Circle, Suite 2**
**Georgetown, DE 19947**
**Telephone (302) 856-5256**

December 20, 2022

Thomas Santee
14545 Arvey Rd.
Laurel, DE 19956

Darlene Santee
14545 Arvey Rd.
Laurel, DE 19956

Timothy Santee
SBI 00410311
Sussex Correctional Institution
PO Box 500
Georgetown, DE 19947

Amy Rust
33520 Tidal Way
Unit 301
Lewes, DE 19958

RE:   Amy Rust v. Timothy Santee, Darlene Santee, All Unknown Occupants, S22C-10-016 RHR

## LETTER ORDER

Dear Parties:

This Court on November 18, 2022 granted Amy Rust's (Plaintiff) application for ejection of Darlene Santee, Timothy Santee and other unknown occupants at the property located at 14545 Arvey Road, Laurel, DE 19956. The Court notes that Timothy Santee is currently incarcerated. At the hearing the family was represented by Thomas Santee (occupant and father of Timothy) and Darlene Santee.

On December 16, 2022, the Court received Timothy Santee's Motion to Reconsider dated December 5, 2022. Pursuant to Superior Court Civil Rule 59(e) motions for reargument must be filed within 5 days of the decision. This

motion fails to comply with this strict deadline and cannot be considered. Additionally, the Court notes that no new issues were presented in this motion warranting re-examination of the arguments raised on November 18, 2022. Therefore, the Motion for Reconsideration is **DENIED**.

On December 19, 2022, the Court received a Motion to Stay proceedings pending appeal to the Supreme Court. The Court first notes that Plaintiff was not served with this motion. Superior Court Civil Rule 62 governs motions to stay pending appeal. The Supreme Court in *Kirpart, Inc. v. Delaware Alcoholic Beverage Control Commission,* 741 42d 356 (Del. 1998) set forth a four-prong analysis for deciding these motions. The Superior Court must first make a preliminary assessment of the likelihood of success on the merits of the appeal. I find that it is highly unlikely that the appeal will be successful for the same reasons stated in my decision on November 18, 2022. Defendants did not buy the property and had no lease to remain on the property.

The second prong requires the Court to assess whether the Defendants will suffer irreparable harm if the motion to stay is not granted. It is clear that the Defendants will be relocated which is undoubtably harm. However, the Defendants have had over a year to relocate and have been living on the property essentially rent free. Additionally, Plaintiff has reported that the Defendants have threatened her if she proceeds with evicting the Defendants.

The third prong requires an assessment whether any other party will suffer substantial harm if the motion to stay is granted. At the hearing on November 18, 2022, the Plaintiff indicated that she had a contract to sell the property. In her response to the motion to reconsider, Plaintiff advises the sale of the property has been delayed due to the Defendant's failure to vacate. The Court finds the Plaintiff will suffer substantial harm if the stay is granted.

The fourth prong examines whether the public interest will be harmed if the stay is granted. This is a dispute between private parties and therefore there is no direct public harm.

Having considered the four-prong analysis, the Court finds that harm will occur to both parties depending on the disposition of the Motion to Stay.

However, as stated above, the Defendant's likelihood of success on the merits of the appeal is slim.  Therefore, the Motion to Stay is **DENIED**.

In sum, Timothy Santee's Motion for Reconsideration and Thomas Santee's Motion to Stay are **DENIED** for the aforementioned reasons.

**IT IS SO ORDERED.**

/s/ Mark H. Conner
Mark H. Conner
Judge

xc:  Prothonotary